

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Johnson
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-5503
Re: Whether the County Court of
Tom Green County had juris-
diction to determine the is-
sues and adjudicate the age
of William Henry Stewart.
And a related question.

Your request for our opinion on the hereinabove
captioned matter has been received by this department.
We quote from your letter as follows:

"A man by the name of William Henry Stewart,
a resident of Tom Green County, being unable to
furnish either a physician's certificate or affi-
davits of persons who knew the facts about his
birth appeared before the County Court of Tom Green
County, and a hearing was had as provided by H. B.
179, 48th Legislature, 1943, regular session, a
copy of which adjudication is herewith enclosed.

"Stewart was born in Milam County and this
adjudication was mailed to the Clerk of that County
to be recorded. The Clerk of the Court returned
same to Mr. Stewart and refused to record it upon
the grounds that the County Court of this County
had no venue to hear and determine the matter,
since Stewart was born in Milam County.

"Question. Did the County Judge or Court of
Tom Green County have venue to determine the issues
and  judicate the age of Mr. Stewart?

"The County Judge in passing upon the issues
of birth, as I understand it from the bill, does so
in his capacity as a Probate Judge.

"Question. Should these cases be docketed in the Probate Docket and if not, howshould they be docketed and the record kept of same."

Section 18, Chapter 41, Acts of the First Called Session of the Fortieth Legislature, as finally amended by Section 1, Chapter 83, Acts of the 48th Legislature, Regular Session, reads in part as follows:

". . .

"And providing further that any citizen of the State of Texas wishing to file the record of any birth or death, not previously registered may submit to the Probate Court in the county where the birth or death occurred, a record of that birth or death, written on the adopted forms of birth and death certificates; and provided further, that any citizen of the State of Texas wishing to file the record of any birth or death that occurred outside the State of Texas, not previously registered, may submit to the Probate Court in the County where he resides a record of that birth or death written on the adopted forms of birth and death certificates. The certificate shall be substantiated by the affidavit of the medical attendant present at the time of the birth, or in case of death, the affidavit of the physician last in attendance upon the deceased or the undertaker who buried the body. When the affidavit of the medical attendant or undertaker cannot be secured, the certificate shall be supported by the affidavit of some person who was acquainted with the facts surrounding the birth or death, at the time the birth or death occurred, with a second affidavit of some person who is acquainted with the facts surrounding the birth or death, and who is not related to the individual by blood or marriage. . . If the affidavit hereinbefore mentioned of some person acquainted with the facts at the time the birth or death occurred cannot be secured, then the County Judge shall order a trial of the issue as to the applicant's birth and hear the evidence of such witnesses and consider such documents relating thereto as may be available including testimony regarding the family history and

after such hearing if the Court concludes that it has been established beyond a reasonable doubt that the applicant was born within the United States, and at the time and place stated in the certificate he shall enter judgment finding such facts relating to the applicant which judgment shall be accepted in lieu of the affidavit mentioned above, and sufficient, and shall order the State Registrar to accept the certificate of the applicant's birth. . ." (Underscoring ours)

The above quoted provisions of the statute embrace the only rules of procedure governing the Probate Court's authority to accept certificates of any birth or death, not previously registered, for registration, and the issuance of certified copies thereof. They are plain and unambiguous. We think that the law is perfectly clear that William Henry Stewart will have to secure a judgment from the Probate Court of Milam County Texas, the county in which he was born finding that he was born within the United States, and at the time and place stated in the certificate, and ordering the State Registrar to accept the certificate of his birth.

In view of the foregoing, it is the opinion of this department that the County Court of Tom Green County did not have jurisdiction to determine the issues and adjudicate the age of Mr. Stewart..

The above quoted Section of House Bill No. 197 plainly provides that any citizen of the State of Texas wishing to file the record of any birth, not previously registered, must submit the same to the Probate Court, and it necessarily follows that said case should be docketed in the Probate Docket.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By     J. C. Davis, Jr.
       Assistant

JCD:db

APPROVED AUG 16, 1943
/s/ R. W. Fairchild
Acting Attorney General of Texas


APPROVED OPINION COMMITTEE BWY CHAIRMAN